**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SIMMONS BEDDING COMPANY, LLC, | ) | |
| and SERTA SIMMONS BEDDING, LLC, | ) | |
| | ) | No. 1:17-cv-6768 |
| Plaintiffs, | ) | |
| | ) | Judge Elaine E. Bucklo |
| v. | ) | |
| | ) | |
| BOB'S DISCOUNT FURNITURE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST AMENDED ANSWER,
<u>AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>**

**ANSWER**

Defendant Bob's Discount Furniture, LLC ("BDF") submits the following as its Answer and to the Complaint filed by Plaintiffs Simmons Bedding Company and Serta Simmons Bedding, LLC (collectively, "Simmons" or "Plaintiffs"):

**NATURE AND BASIS OF ACTION**

1.     This is an action for false advertising and unfair business practices in violation of federal and Illinois law.

**<u>ANSWER</u>:**     BDF states that Paragraph 1 of the Complaint consists of conclusions of law to which no response is required. To the extent that a response is required, BDF denies the allegations set forth in Paragraph 1 of the Complaint.

**THE PARTIES**

2.     Plaintiff SSB is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

**<u>ANSWER</u>:**     BDF states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.    Plaintiff Simmons is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

**ANSWER:**    BDF states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.    Upon information and belief, Defendant Bob's is a Connecticut limited liability company with its principal place of business in Manchester, Connecticut.

**ANSWER:**    BDF denies the allegations of Paragraph 4 of the Complaint, except admits only that BDF is a limited liability company headquartered in Manchester, Connecticut.

### JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the complaint involves a federal question under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). This Court also has supplemental jurisdiction over the state law claims.

**ANSWER:**    BDF states that the allegations set forth in Paragraph 5 of the Complaint amount to conclusions of law to which no response is required.

6.    This Court has personal jurisdiction over Bob's because Bob's continuously and systematically transacts business in Illinois, including and through its website, www.mybobs.com, and its stores in Aurora, Burbank, Calumet City, Chicago, Joliet, Orland Park, Schaumburg, Skokie, Vernon Hills, and Villa Park. Also, upon information and belief, Bob's offers to sell its Black Label Gel Euro-Top Mattress to customers in Illinois, and its commercials giving rise to claims in this Complaint are available in Illinois on local television stations, through Bob's website, www.mybobs.com/, and YouTube, https://www.youtube.com/watch?v=ntddcqPu-Zg.

**ANSWER:**    BDF denies the allegations of Paragraph 6 of the Complaint, except admits only that BDF transacts business in Illinois, that the two television advertisements described in the complaint were broadcast in Illinois, and that its website and youtube.com are accessible worldwide. Further responding, BDF states that Paragraph 6 of the Complaint contains conclusions of law to which no response is required.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Simmons and SSB

maintain a significant presence in the district, including the headquarters of Serta, Inc. ("Serta"), an SSB majority owned company, and the events giving rise to the claims are causing harm to Simmons and SSB in this district.

**ANSWER:** BDF states that the allegations set forth in Paragraph 7 of the Complaint amount to conclusions of law to which no response is required. To the extent an answer is deemed necessary, BDF states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

### PLAINTIFFS' FACTUAL ALLEGATIONS

8. Paragraphs 1-7 are incorporated by reference as if set forth here in full.

**ANSWER:** BDF repeats, restates and incorporates by reference herein, in response to the allegations of Paragraph 8 of the Complaint, its responses to Paragraphs 1 through 7 of the Complaint, inclusive.

9. For over one hundred years, Simmons has been a leading mattress manufacturer and an innovator of mattress technologies. For example, Simmons developed its Pocketed Coil® spring machine in the early 1900s and was the first mattress company to offer king and queen sized mattresses in the United States. In 2008, Simmons raced ahead of its industry and invented a hybrid fusion of memory foam and Pocketed Coil® springs. To date, as a result of its extensive efforts and innovation, Simmons has obtained well over 100 U.S. patents.

**ANSWER:** BDF states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Simmons' Beautyrest® line of mattresses and, in particular, its Beautyrest Black® mattresses, exemplify Simmons' tradition of innovation. Simmons Beautyrest Black® mattresses include proprietary Micro Diamond™ Memory Foam, Simmons' patented Advanced Pocketed Coil™ Technology, and luxurious fabrics.

**ANSWER:** BDF states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Simmons' Beautyrest Black® mattresses are sold at prices between $1,999 and $4,999.

**ANSWER:**    BDF states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    Bob's advertises and sells a mattress called "Black Label Gel Euro-Top Mattress," in stores and on its website, https://www.mybobs.com/.

**ANSWER:**    BDF denies the all allegations of Paragraph 12 of the Complaint, except admits only that BDF sells a mattress called "Black Label Gel Mattress" that can be ordered with a "Euro Top."

13.    Upon information and belief, Bob's sells the queen sized Black Label Gel Euro-Top Mattress for $999.

**ANSWER:**    BDF denies the allegations contained in Paragraph 13 of the Complaint.

14.    Attached hereto as Exhibit A is a true and correct printed copy of the Black Label Gel Euro-Top Mattress web page on Bob's website, available at https://www.mybobs.com/black-label-gel-mattress-set (last visited September 6, 2017).

**ANSWER:**    BDF denies the allegations contained in Paragraph 14 of the Complaint.

15.    Upon information and belief, Bob's Black Label Gel Euro-Top Mattress includes an encased coil innerspring support system, gel infused memory foam, and a stretch knit cover.

**ANSWER:**    BDF admits the allegations contained in Paragraph 15 of the Complaint.

16.    Upon information and belief, Bob's Black Label Gel Euro-Top Mattress does not employ any of Simmons' proprietary Micro Diamond™ Memory Foam, Simmons' patented Advanced Pocketed Coil™ Technology, or the luxurious fabrics used in Simmons' Beautyrest Black® mattress.

**ANSWER:**    BDF states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.    In the past, Bob's has been forced to cease dissemination of false and misleading commercials about its mattresses. In 2013, Serta, Simmons' sister company, wrote Bob's and demanded that it discontinue TV commercials that falsely claimed Bob's mattresses contained "twice the gel-infused memory foam at half the price"

of Serta's mattress. Attached hereto as Exhibit B is a true and correct copy of the cease and desist letter sent by Serta to Bob's.

**ANSWER:** BDF states that the letter referenced in Paragraph 17 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that letter and states that no further response to the allegations set forth in Paragraph 17 is required. To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 17 of the Complaint.

18. Shortly thereafter, Bob's responded in writing to Serta that "we have taken the ad off the air and it will not run again." Attached hereto as Exhibit C is a true and correct copy of the letter sent by Bob's to Serta.

**ANSWER:** BDF states that the BDF August 13, 2013 letter referenced in Paragraph 18 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that letter response and states that no further response to the allegations set forth in Paragraph 18 is required. To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 18 of the Complaint.

19. Recently, Bob's ran a television advertisement and posted a commercial on its website comparing Simmons' Beautyrest Black® Mattress to Bob's Black Label Gel Euro-Top Mattress, which falsely and misleadingly imply that both mattresses use the same materials and components.

**ANSWER:** BDF denies the allegations contained in Paragraph 19 of the Complaint, except admits only that BDF ran a television advertisement and posted that commercial on its website that mentions the Simmons' Beautyrest Black Mariela mattress.

20. The commercial is retrievable at https://www.mybobs.com/black-label-gel-mattress-set and https://www.mybobs.com/videos (last visited September 6, 2017). Below is a screenshot of the commercial showing Simmons' Beautyrest Black® mattress ("Simmons' Mattress") side-by-side with Bob's Black Label Gel Euro-Top Mattress ("Bob's Mattress"):



**ANSWER:** BDF states that the advertisement referenced in Paragraph 20 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that commercial and states that no further response to the allegations set forth in Paragraph 20 is required. To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 20 of the Complaint.

    21.    While showing the mattresses side-by-side, the commercial compares the Black Label Gel Euro-Top queen mattress set by Bob's Discount Furniture and the Simmons' Beautyrest Black Mariela queen mattress set.

**ANSWER:** BDF states that the commercial referenced in Paragraph 21 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that commercial and states that no further response to the allegations set forth in Paragraph 21 is required. To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 21 of the Complaint.

    22.    Then, even though Bob's Mattress and Simmons' Mattress use different foams and coils, the commercial shows the image below of one type of innerspring coil, one type of latex foam, and one type of memory foam and represents that "Both have comfy gel-infused memory foams, supportive latex foam, individually wrapped innerspring coils, and luxurious stretched thin fabric."



**ANSWER:**     BDF states that the commercial referenced in Paragraph 22 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that advertisement and states that no further response to the allegations set forth in Paragraph 22 is required.  Further answering, BDF states that the image depicted in Paragraph 22 contains the statement "Materials Shown are Representations Only."  To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 22 of the Complaint.

23.     The video then concludes by stating "So, besides the fancy logo, what's another big difference? Well, theirs is priced at a whopping $2799, while ours is priced at only $999. Plus, you get the satisfaction of knowing you didn't just spend $1800 on a fancy logo."

**ANSWER:**     BDF states that the commercial referenced in Paragraph 23 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that commercial and states that no further response to the allegations set forth in Paragraph 23 is required.  To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 23 of the Complaint.

24.     Such statements and imagery deceive or are likely to deceive customers about the true nature, characteristics, and quality of its Mattress and Simmons' Mattress, namely by implying that Bob's Mattress and Simmons' Mattress contain the same

components and/or materials depicted in the commercial when, in fact, they do not.

**ANSWER:** BDF denies the allegations contained in Paragraph 24 of the Complaint.

25. Accordingly, on May 16, 2017, Simmons' counsel sent Bob's a cease and desist letter, demanding that Bob remove its commercial unless it can substantiate the claims in the commercial. Attached hereto as Exhibit D is a true and correct copy of the cease and desist letter.

**ANSWER:** BDF states that the Simmons' letter referenced in Paragraph 25 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that letter and states that no further response to the allegations set forth in Paragraph 25 is required. To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 25 of the Complaint.

26. On June 1, 2017, counsel for Bob's responded to the cease and desist letter, but did not indicate that it would remove its commercial in its entirety. Attached hereto as Exhibit E is a true and correct copy of Bob's responsive letter.

**ANSWER:** BDF states that BDF's June 1, 2017 response letter referenced in Paragraph 26 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that letter and states that no further response to the allegations set forth in Paragraph 26 is required. To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 26 of the Complaint.

27. Then, despite being warned of the deceptive nature of its comparative advertising, on June 14, 2017, Bob's published another commercial comparing Bob's Mattress to Simmons' Mattress. That commercial was distributed on local television and published on YouTube and is available at https://www.youtube.com/watch?v=ntddcqPu-Zg (last visited September 6, 2017).

**ANSWER:**    BDF states that the advertisement referenced in Paragraph 27 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that commercial.  Further responding, BDF admits that the advertisement was broadcast in Illinois and is available globally on youtube.com.  To the extent a further response is deemed necessary, BDF denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.    Like the commercial on Bob's website, the commercial begins by showing Simmons' and Bob's mattresses side-by-side while comparing the Black Label Gel Euro-Top queen mattress set by Bob's Discount Furniture and the Simmons' Beautyrest Black Mariela queen set.

**ANSWER:**    BDF states that the commercial referenced in Paragraph 28 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that commercial and states that no further response to the allegations set forth in Paragraph 28 is required.  To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 28 of the Complaint.

29.    The commercial then shows the image below, which appears to be the tops of the respective mattresses, and states "Both have comfy gel-infused memory foams, supportive latex foam, individually wrapped innerspring coils, and luxurious stretched thin fabric."



**ANSWER:** BDF states that the commercial referenced in Paragraph 29 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that commercial and states that no further response to the allegations set forth in Paragraph 29 is required. To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 29 of the Complaint.

30. The commercial concludes by stating "Sure, they're not exactly the same, but you be the judge. Theirs is priced at a whopping $2799, while ours is priced at only $999. Dare to compare at Bob's Discount furniture, in store or at mybobs.com."

**ANSWER:** BDF states that the commercial referenced in Paragraph 30 speaks for itself and is the best evidence of its own contents, and, therefore, BDF denies Plaintiffs' attempt to summarize or characterize the contents of that commercial and states that no further response to the allegations set forth in Paragraph 30 is required. To the extent a further response is deemed necessary, BDF denies any and all remaining allegations contained in Paragraph 30 of the Complaint.

31. Again, such statements and imagery deceive or are likely to deceive customers about the true nature, characteristics, and quality of Bob's Mattress and Simmons' Mattress, namely by implying that Bob's Mattress and Simmons' Mattress contain the same components and/or materials when, in fact, they do not.

**ANSWER:** BDF denies the allegations contained in Paragraph 31 of the Complaint.

32. Despite the commercials' implications, Bob's Black Label Gel Euro-Top Mattress does not employ any of Simmons' proprietary Micro Diamond™ Memory Foam, Simmons' patented Advanced Pocketed Coil™ Technology, or the luxurious fabrics used in Simmons' Beautyrest Black® mattress.

**ANSWER:** BDF denies the allegations contained in Paragraph 32 of the Complaint.

PLAINTIFFS' COUNT I

**False Advertising and Unfair Competition Under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a)**

33.     Simmons and SSB re-allege and incorporate by reference paragraphs 1-32 of this Complaint.

**ANSWER:**     BDF repeats, restates and incorporates by reference herein, in response to the allegations of Paragraph 33 of the Complaint, its responses to Paragraphs 1 through 32 of the Complaint, inclusive.

34.     Bob's has made false and misleading statements in commercial advertisements regarding both Bob's Mattress and Simmons' Mattress.

**ANSWER:**     BDF denies the allegations contained in Paragraph 34 of the Complaint.

35.     Bob's statements are literally false and/or likely to deceive customers about the true nature, characteristics, and quality of Bob's Mattress and Simmons' Mattress.

**ANSWER:**     BDF states that the allegations set forth in Paragraph 35 of the Complaint amount to conclusions of law to which no response is required.  To the extent an answer is deemed necessary, BDF denies the allegations contained in Paragraph 35 of the Complaint.

36.     Both Bob's Mattress and Simmons' Mattress are offered, advertised, and sold to consumers throughout the United States. Accordingly, Bob's false and deceptive statements affect interstate commerce.

**ANSWER:**     BDF states that the allegations set forth in Paragraph 36 of the Complaint amount to conclusions of law to which no response is required.  To the extent an answer is deemed necessary, BDF denies the allegations contained in Paragraph 36 of the Complaint.

37.     Bob's false and misleading statements are material because they concern aspects of Bob's Mattress and Simmons' Mattress that affect their comfort, quality, and pricing. Such claims are likely to influence consumers' purchasing decisions.

**ANSWER:**     BDF denies the allegations contained in Paragraph 37 of the Complaint.

38.     Bob's has willfully engaged in the false advertising and unfair competition complained of herein.

**ANSWER:**     BDF denies the allegations contained in Paragraph 38 of the Complaint.

39.     Simmons has been, is now, and will continue to be irreparably harmed by Bob's false advertising and unfair competition because Bob's deceptive commercials remain widely available online.

**ANSWER:**     BDF denies the allegations contained in Paragraph 39 of the Complaint.

40.     Unless enjoined by this Court, Simmons will suffer harm to its name, business, reputation, and goodwill. This harm constitutes an injury for which there is no adequate remedy at law.

**ANSWER:**     BDF denies the allegations contained in Paragraph 40 of the Complaint.

41.     As a direct and proximate result of Bob's conduct, Simmons has and continues to incur actual damages.

**ANSWER:**     BDF denies the allegations contained in Paragraph 41 of the Complaint.

**PLAINTIFFS' COUNT II**

**Deceptive Trade Practices under 815 ILCS 505/1 *et seq.* and 815 ILCS 510/1 *et seq.***

42.     Simmons and SSB re-allege and incorporate by reference paragraphs 1-41 of this Complaint.

**ANSWER:**     BDF repeats, restates and incorporates by reference herein, in response to the allegations of Paragraph 42 of the Complaint, its responses to Paragraphs 1 through 41 of the Complaint, inclusive.

43.     Bob's has made false and misleading statements in commercial advertisements regarding both Bob's Mattress and Simmons' Mattress.

**ANSWER:**     BDF denies the allegations contained in Paragraph 43 of the Complaint.

44.     Bob's statements are literally false and/or likely to deceive customers in Illinois about the true nature, characteristics, and quality of Bob's Mattress and Simmons' Mattress.

**ANSWER:**     BDF denies the allegations contained in Paragraph 44 of the Complaint.

45.     Upon information and belief, Bob's intended that Illinois consumers rely the deceptive statements so that the Illinois consumers purchase Bob's Mattress instead of Simmons' Mattress.

**ANSWER:**     BDF denies the allegations contained in Paragraph 45 of the Complaint.

46.     Bob's commercials are trade practices directed to the Illinois market generally via local Chicago area television advertising and the internet. In particular, Bob's commercials on Bob's website and YouTube are directed towards Illinois mattress consumers directly through those websites and via internet search engines such as Google.

**ANSWER:**     BDF denies the allegations contained in Paragraph 46 of the Complaint.

47.     Bob's commercials are trade practices that implicate consumer protection concerns because the false and/or misleading statements in the commercials are likely to mislead or confuse mattress consumers in Illinois.

**ANSWER:**     BDF denies the allegations contained in Paragraph 47 of the Complaint.

48.     As a result of these aforesaid acts, Bob's has been and is engaged in deceptive trade practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.

**ANSWER:**     BDF denies the allegations contained in Paragraph 48 of the Complaint.

49.     On information and belief, Bob's has willfully engaged in the above describes acts in Illinois and in this judicial district.

**ANSWER:**     BDF denies the allegations contained in Paragraph 49 of the Complaint.

50.     Because of Bob's aforesaid acts, both Simmons and SSP have suffered actual damage in its business such as lost sales and harm to Simmons' and SSP's reputation.

**ANSWER:**     BDF denies the allegations contained in Paragraph 50 of the Complaint.

### PLAINTIFFS' PRAYER FOR RELIEF

BDF states that the prayer for relief contained in the Complaint amounts to conclusions of law to which no response is required. To the extent a response is required, BDF denies the allegations contained in the prayer for relief.

## BDF's AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted for many reasons, including those set forth in detail in the Motion to Dismiss filed by BDF on October 31, 2017.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks general personal jurisdiction over BDF because BDF is not incorporated in Illinois and does not have its principal place of business in Illinois.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks specific personal jurisdiction over BDF because the advertisements described in the Complaint were not directed at Illinois.

### FOURTH AFFIRMATIVE DEFENSE

This action should be dismissed or transferred based upon improper and/or inconvenient venue or forum *non conveniens*.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery under 815 ILCS 505/1 *et seq.* and 815 ILCS 510/1 *et seq.*, because BDF did not engage in deceptive trade practices or any willful violation.

### SIXTH AFFIRMATIVE DEFENSE

The alleged acts and omissions of BDF were not the legal or proximate cause of the alleged injuries of Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the First Amendment's protection of truthful commercial speech because they were not false or misleading.

14

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for relief are barred by the doctrines of laches, license, estoppel, and/or waiver.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate its alleged damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of puffery as the statements made in the commercials were merely opinion.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to BDF's good faith.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

BDF's alleged misleading statements were not material.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages are speculative in nature and, thus, do not form the basis for any relief from BDF.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to multiple damages or attorneys' fees.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs'' claims do not qualify as an "exceptional case" under the Lanham Act or any of its state-law analogues.

### SEVENTEENTH AFFIRMATIVE DEFENSE

BDF intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action, and reserves the right to amend its answer to assert such defenses.

### BDF'S COUNTERCLAIMS AGAINST SIMMONS

As explained below, Simmons' advertisements falsely and misleadingly suggest that its competing mattresses contain "real diamonds" that "draw heat away from the body" and improve durability. These advertisements violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute deceptive trade practices under 815 ILCS 505/1 et seq. and 815 ILCS 510/1 *et seq.*

1.      Simmons sells a line of mattresses under the Beautyrest Black® trademark.

2.      BDF sells mattresses that compete in the marketplace with Beautyrest Black® mattresses.

3.      Simmons has promoted and continues to promote its Beautyrest Black® mattresses by falsely and misleadingly contending that they contain valuable diamonds that improve performance.

4.      For example, Simmons produced and published the video advertisement available on YouTube at  https://www.youtube.com/watch?v=WUZv--n9mCU-o (the "Simple Facts Ad").

5.      Simple Facts Ad was posted to the Beautyrest YouTube account by Simmons on or about May 16, 2016.

6.      The Simple Facts Ad opens with a title card bearing the Simmons logo and the phase "**Sim**ple  facts" as follows:



7.     The title card expressly and implicitly conveys the message that what follows is accurate information.

8.     The background of the foregoing title card resembles graph paper, suggesting that the information that follows is grounded in science.

9.     The voiceover for the Simple Facts Ad begins: "Queen of Diamonds. Simmons puts micro diamond infused aircool memory foam in some of their mattresses because diamonds are more than a girl's best friend."  The ad depicts this foam as follows:



10.     As shown in the forgoing still, the Simple Facts Ad depicts the mattress's foam as sparkling, as though the "diamonds" incorporated into that foam are visible to the naked eye.

11.     The naked eye cannot perceive the "diamonds" within the foam used in Simmons' Beautyrest Black® mattresses.

12.     Simple Facts Ad manipulates a photograph of foam to give the misimpression that the foam in Beautyrest Black® mattress sparkles brightly.

13.     The Simple Facts Ad continues by stating that:

> [Diamonds are] one of the most thermally conductive materials in the world.  Diamonds are called 'ice' for good reason.  When you touch a diamond, it feels cold because of its exceptional thermal conductivity draws heat out of your skin.  This cool property of diamonds is why they're used to extract heat from electronic devices, semiconductors, and computer chips.  And, it's why Simmons puts up to 500 carats of diamonds in a queen size mattress to help move heat away from the body, promoting cool, comfortable, sleep.

14.     The Simple Facts Ad then depicts the "500 carats of diamonds" being added to the mattress as follows:



15.     The "500 carats of diamonds" incorporated into the Simmons mattress do not resemble the diamonds depicted in the forgoing still.

16.     To the contrary, the "diamonds" incorporated into the Simmons mattress are actually diamond dust, not whole diamonds.

17. The cut diamonds depicted in the Simple Facts Ad would be very valuable.

18. Diamond dust, in contrast, is inexpensive.

19. For example, diamond dust is presently available for retail purchase on-line at Alibaba.com for $.01 per carat. *See* https://tinyurl.com/y8mferkt (last accessed December 19, 2017).

20. At this penny-per-carat price, "up to 500 carats" of diamond dust would sell for no more than $5.

21. A "carat" is a unit of mass equal to roughly 0.007 ounces.

22. Accordingly, "500 carats" of diamonds weighs roughly 3.5 ounces.

23. A queen sized Beautyrest Black® mattress weighs more than 100 lbs.

24. Thus, "500 carats of diamonds" would make up less than .22% of the mass of the mattress.

25. The addition of such a relatively small amount of diamond dust to a mattress does not perceptibly alter its thermal properties.

26. Nonetheless, the Simple Facts Ad falsely and misleadingly contends that the diamonds in the mattress move "heat away from the body," making it "cool" and "comfortable."

27. The Simple Facts Ad falsely and misleadingly depicts this supposed effect with the following graphic:



28.     Having misled consumers into thinking that including valuable "diamonds" in the Beautyrest Black® mattresses makes it cooler, Simple Facts Ad proceeds to suggest that it also makes it more durable.

29.     The Simple Facts Ad contains the following depiction of diamonds and calendars:



30.     The foregoing graphic is accompanied by a voiceover stating that "diamonds last forever."

31.     This description of the durability of diamonds falsely and misleadingly suggests to consumers that including "diamonds" in Beautyrest Black® mattresses makes those mattresses last longer.

32.    Simmons has produced and published other false and misleading advertisements concerning its Beautyrest Black® mattresses.

33.    These include the video advertisement available on YouTube at: https://www.youtube.com/watch?v=qZoMWQ5Oc-8 (the "Real Diamonds Ad")

34.    The Real Diamonds Ad was posted to the Beautyrest YouTube account by Simmons on or about July 21, 2017.

35.    The Real Diamonds Ad states that the Simmons Beautyrest Black® mattress "uses real diamonds to pull heat away from the body" and contains the following graphic:



36.    The use of the phrase "real diamonds" falsely and misleadingly suggests to consumers that Beautyrest Black® mattresses incorporate actual diamonds, not diamond dust.

37.    The use of the phase "real diamonds" falsely and misleadingly suggests to consumers that Beautyrest Black® mattresses incorporates more expensive components than it does.

38.     The suggestion that these "real diamonds" "pull heat away from the body" is also false and misleading because the addition of a relatively small amount of diamond dust to the Beautyrest Black® mattress does not perceptibly improve its thermal conductivity.

39.     As a competitor, BDF is injured by Simmons' false and misleading advertising in several ways, including each time that a consumer is misled into purchasing a Simmons mattress instead of a competing mattress offered by BDF.

## BDF'S COUNT I

### False Advertising and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

40.     BDF re-alleges and incorporates by reference paragraphs 1-39 of the foregoing counterclaims.

41.     Simmons has made false and misleading statements in commercial advertisements regarding its products.

42.     Simmons' statements are literally false and/or likely to deceive customers about the true nature, characteristics, and quality of Bob's Mattresses and Simmons' Mattresses.

43.     Simmons' mattresses are offered, advertised, and sold to consumers throughout the United States.  Likewise, the challenged advertisements are directed at, and available to, a national audience.  Accordingly, Simmons' false and deceptive statements affect interstate commerce.

44.     Simmons' false and misleading statements are material to consumer's purchasing decisions because they concern the value of the components utilized in Simmons' mattresses,

their effectiveness of drawing heat from the body, and their durability. Such claims are likely to influence consumers' purchasing decisions.

45.     Simmons has willfully engaged in the false advertising and unfair competition complained of herein.

46.     As a competitor of Simmons, BDF has been, is now, and will continue to be irreparably harmed by Simmons' false advertising and unfair competition.

47.     Unless Simmons is enjoined by this Court, BDF will suffer harm to its business, reputation, and goodwill. This harm constitutes an injury for which there is no adequate remedy at law.

48.     As a direct and proximate result of Simmons' conduct, BDF has and continues to incur actual damages.

## BDF's Count II

### Deceptive Trade Practices under 815 ILCS 505/1 *et seq.* and 815 ILCS 510/1 *et seq.*

49.     BDF re-alleges and incorporates by reference paragraphs 1-48 of the foregoing counterclaims.

50.     Simmons has made false and misleading statements in commercial advertisements regarding its mattress.

51.     Simmons' statements are literally false and/or likely to deceive customers in Illinois about the true nature, characteristics, and quality of Simmons' mattresses.

52.     Upon information and belief, Simmons intended that Illinois consumers rely on the deceptive statements so that the Illinois consumers purchase a Simmons Mattress instead of the mattresses of BDF and other competitors.

53.     Simmons' commercials are trade practices directed to the Illinois market generally via local Chicago area television advertising and the internet.  In particular, Simmons' commercials on its website and Beautyrest YouTube channel are directed towards Illinois mattress consumers directly through those websites and via internet search engines such as Google.

54.     Simmons' commercials are trade practices that implicate consumer protection concerns because the false and/or misleading statements in the commercials are likely to mislead or confuse mattress consumers in Illinois.

55.     As a result of these aforesaid acts, Simmons has been and is engaged in deceptive trade practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq.

56.     On information and belief, Simmons has willfully engaged in the above described acts in Illinois and in this judicial district.

57.     Because of Simmons' aforesaid acts, BDF has suffered actual damage in its business such as lost sales.

**BDF's PRAYER FOR RELIEF**

Wherefore, defendant BDF respectfully prays that the Court grant the following relief:

(1)     Dismissal all of the claims against BDF;

(2)     Entry of judgment that Simmons engaged in false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B);

(3)     Entry of judgment that Simmons engaged in deceptive trade practices under 815 ILCS 505/1 *et seq*. and 815 ILCS 510/1 *et seq*.

(4)    An order directing Simmons to permanently remove the advertisements  described in the above counterclaims and any other advertisements that contend or suggest that mattresses manufactured or sold by Simmons incorporate diamonds;

(5)    An order directing Simmons to permanently cease advertising its mattresses as containing diamonds;

(6)    An order directing Summons to disseminate, in a form to be approved by this Court, advertising designed to correct the false or misleading claims made by Simmons in its advertising;

(7)    An order pursuant to 15 U.S.C. § 1116(a) directing Simmons to file with the Court and serve on BDF within 30 days after entry of the injunction, a report, in writing and under oath, setting forth in detail the manner and form in which Simmons has complied with the injunction;

(8)    An award of BDF's damages attributable to Simmons's false advertising and deceptive trade practices, in an amount to be determined at trial;

(9)    A declaration that this is an "exceptional case" due to the willful nature of Simmons's false advertising, and an award of attorney's fees and costs to BDF pursuant to 15 U.S.C. § 1117, 815 ILCS 505/10a, and/or 815 ILCS 510/3;

(10)    An award of all fees, costs, and expenses associates with this action; and

(11)    Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

BDF demands a trial by jury on all claims and issues triable before a jury.

Respectfully submitted,

**BOB'S DISCOUNT FURNITURE, LLC**

By: */s/* Martin G. Durkin, Jr.
        One of its Attorneys

Martin G. Durkin, Jr.
HOLLAND & KNIGHT LLP
131 South Dearborn Street
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312) 578-6666
*martin.durkin@hklaw.com*

Brian G. Leary (MA Bar No. 548386)*
Robert M. Shaw (MA Bar No. 669664)*
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617)523-6850
*brian.leary@hklaw.com*
*robert.shaw@hklaw.com*
*Admitted *pro hac vice*

DATED: April 13, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 13, 2018, a copy of the foregoing Defendant's

First Amended Answer, Affirmative Defenses, and Counterclaims was electronically filed with

the Clerk of the United States District for the Northern District of Illinois by filing through the

CM/ECF system, which served a copy of the foregoing upon all counsel of record.


*/s/* Martin G. Durkin, Jr.
Martin G. Durkin, Jr.